# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARCUS PEARSON,

      Plaintiff,

v.

RBP CHEMICAL TECHNOLOGY,

      Defendant.

Case No. 23-CV-1499-JPS

**ORDER**

1. **INTRODUCTION**

  On November 13, 2023, Plaintiff Marcus Pearson ("Plaintiff"), proceeding pro se, filed this action against Defendant RBP Chemical Technology ("Defendant"), together with a motion for leave to proceed without prepaying the filing fee. ECF Nos. 1, 2. The Court screened the complaint and, finding that it lacked sufficient facts, gave Plaintiff leave to file an amended complaint to add additional factual allegations, and deferred ruling on the motion for leave to proceed without prepaying the filing fee until receipt of any amended complaint. ECF No. 4. Plaintiff timely filed an amended complaint, ECF No. 5, which the Court now screens.

2. **MOTION TO PROCEED IN FORMA PAUPERIS**

  A party proceeding pro se may submit to the court a request to proceed without prepaying the otherwise required filing fees, otherwise known as a motion to proceed in forma pauperis.[1] "The federal in forma

---

[1]Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.,* 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in

pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

It follows that a litigant whose complaint does not clear the 28 U.S.C. § 1915(e)(2) threshold or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to

---

forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring)).

them," *Brewster v. N. Am. Van Lines, Inc*. 461, F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

The Court finds that Plaintiff is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). He represents under oath that he is unemployed and unmarried. ECF No. 2 at 1. He has one child, for whom he provides $300.00 per month in support payments. *Id.* He currently has no income and receives $300.00 per week in unemployment insurance benefits. *Id.* at 2. His monthly expenses include rent, a car payment, and miscellaneous household expenses, all totaling $2,110.00 per month. *Id.* at 2–3. He owns a car valued at $9,000.00 but has no other assets. *Id.* at 3.

In sum, Plaintiff's monthly expenses significantly outpace his current monthly earnings, notwithstanding his ownership of a vehicle; the Court is therefore satisfied that he is indigent. For the reasons stated below, the Court also finds that Plaintiff's complaint clears the 28 U.S.C. § 1915(e)(2) threshold and survives screening. Accordingly, the Court grants Plaintiff's motion for leave to proceed without prepayment of the filing fee.

3.  **SCREENING STANDARD**

As noted above, when a pro se litigant proceeds in forma pauperis, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court is also obligated to dismiss cases that are outside of its subject matter jurisdiction. Fed. R. Civ. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 325); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F.

Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

4.  **FACTUAL ALLEGATIONS**

In the amended complaint, Plaintiff alleges as follows. He began working for Defendant in February of 2020. ECF No. 5 at 2. "[A]lmost immediately" after beginning work, he was subject to "being harassed by other employees and [his] immediate supervisor." *Id.* This harassment included being "called racial slurs, belittled, discriminated against, and endur[ing] all kinds of other psychological harassment." *Id.* Plaintiff raised the issue with upper management staff but no action was taken. *Id.* This prompted Plaintiff to file a "case" or complaint with the Employment Opportunity Commission ("EEOC"). *Id.*

After Plaintiff filed an EEOC complaint, Defendant hired a new general manager. *Id.* at 3. The new manager "spoke with all the employees about the job and how they liked it and if they had any concerns." *Id.* At that time, Plaintiff told the new manager "everything that was going on." *Id.* After hearing about what Plaintiff had experienced, the new manager "persuaded [Plaintiff] to cancel [his] initial appointment with the EEOC" and "vowed and guaranteed he would fix the issues . . . ." *Id.*

Unfortunately, the harassment and discrimination continued for another month. *Id.* This prompted Plaintiff to again file a complaint with the EEOC. *Id.* After filing another complaint with the EEOC, "the situation got worse" for Plaintiff. *Id.* The owner of the Defendant company "cursed [Plaintiff] out" for filing an EEOC complaint. *Id.* Two weeks after that, Plaintiff was fired. *Id.*

Plaintiff now brings claims that he was harassed and discriminated against at work on the basis of his race and unlawfully terminated from his employment in retaliation for filing complaints with the EEOC. *See generally id.* He seeks $175,000.00 in damages for lost wages as well as "pain and suffering plus punitive damages because the Defendant was aware of issues and did not do anything about them." *Id.* at 4.

5. **ANALYSIS**

The screening standard in employment discrimination cases, and in civil cases generally, is lenient for pro se plaintiffs: "a plaintiff need only allege enough facts to allow for a plausible inference that the adverse action suffered was connected to h[is] protected characteristics." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (citing *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021) and *Tamayo*, 526 F.3d at 1084). "Normally, discrimination and retaliation claims are analyzed separately." *Gaines v. K-Five Constr. Corp.*, 742 F.3d 256, 261 (7th Cir. 2014). Here, accepting all the allegations in the complaint as true, the Court finds that Plaintiff has adequately alleged both that he was discriminated against on the basis of his race and that he was retaliated against for reporting the same, both in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

With respect to the former, Plaintiff alleges that he was discriminated against and was treated poorly because of his race, for example, being called racial slurs. *See Eason v. Potter,* No. 03-CV-812, 2006 WL 2583430, at *5 (E.D. Wis. Sept. 5, 2006) ("Under Title VII, in order for a claimant to establish a prima facie case alleging a hostile work environment, he must demonstrate that he was harassed because of his race by a co-worker or a supervisor . . . . Furthermore, the alleged harassment must be so severe and pervasive as to alter the conditions of employment and create

an abusive working environment.") (citing *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 462 (7th Cir. 2002) and *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998)).

Nothing was done when Plaintiff reported this adverse treatment to higher-up employees, and then he was fired, for what he states were merely pretextual reasons. *Freeman v. Metro. Water Reclamation Dist.*, 927 F.3d 961, 965 (7th Cir. 2019) ("[T]o proceed . . . under . . . Title VII, [Plaintiff] needed only to allege—as he did here—that [his employer] fired him because of his race.") (citing *Tamayo*, 526 F.3d at 1084 and *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)). Together, Plaintiff's allegations of poor treatment due to his race, and Defendant's inaction when informed thereof, make a claim of Title VII race discrimination sufficient to survive screening.

With respect to retaliation, a Title VII plaintiff "must plead that []he engaged in a statutorily protected activity and was subjected to materially adverse actions as a result of that activity." *Hatcher v. Bd. of Trs. of S. Ill. Univ.*, 829 F.3d 531, 536 (7th Cir. 2016) (citing *Burlington N. and Santa Fe Ry. v. White*, 548 U.S. 53, 57 (2006)). Reporting unlawful race discrimination is a statutorily protected activity. *Fillmore v. Ind. Bell Tel. Co.*, 729 F. App'x 471, 473 (7th Cir. 2018) (citing *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663–64 (7th Cir. 2006)). Plaintiff alleges that the owner of the Defendant company "cursed [him] out" after finding out that Plaintiff filed complaints with the EEOC, and further alleges that he was fired shortly thereafter. ECF No. 5 at 3. These allegations make a claim of Title VII retaliation sufficient to survive screening.[2]

---

[2] Although it is not attached to the amended complaint, the Court notes that Plaintiff has provided a copy of his EEOC right to sue letter. ECF No. 1-1. *See McDonald v. Brown*, No. 03 C 4568, 2004 WL 2106604, at *2 (N.D. Ill. Sept. 17, 2004)

**6. CONCLUSION**

For the reasons stated herein, Plaintiff may proceed on his claims for race discrimination and retaliation under Title VII.

Plaintiff's next step in this matter is to serve his amended complaint together with a summons on Defendant. *See generally* Fed. R. Civ. P. 4. Plaintiff may either request service on Defendant by the U.S. Marshals or obtain service on Defendant on his own, using one of the methods described in Federal Rule of Civil Procedure 4(d)–(e).

If Plaintiff chooses to obtain service on Defendant on his own, he should simultaneously file a request for the Clerk of the Court to issue service packets to him. There is no cost for the Clerk of Court to issue service packets to Plaintiff. If Plaintiff hires a process server to serve Defendant, he will be responsible for that cost.

Alternatively, "at the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). Congress requires the U.S. Marshals Service to charge a fee for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for service by mail is $8.00 per item mailed; for process served personally by the U.S. Marshals Service, the fee is $65.00 per hour. The full fee schedule is provided at 28 C.F.R.

---

("[F]or a *pro se* plaintiff the court considers the allegations contained in all documents filed with the court.") (citing *Gutierrez v. Peters,* 111 F.3d 1364, 1367 & n.2 (7th Cir. 1997) and *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992)).

Separately, the Court also notes that Plaintiff has followed the Court's direction to exclude from the amended complaint any claim under Wisconsin's unemployment insurance statute. ECF No. 4 at 7–8.

§§ 0.114(a)(2), (a)(3). Congress has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service.

Plaintiff must file a notice on or before **January 12, 2024**, indicating whether he will obtain service on Defendant on his own or if he desires service by the U.S. Marshals Service.

Accordingly,

**IT IS ORDERED** that Plaintiff Marcus Pearson's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that, on or before **January 12, 2024**, Plaintiff Marcus Pearson shall file a notice indicating whether he will obtain service on Defendant RBP Chemical Technology on his own or if he desires service by the U.S. Marshals Service.

Dated at Milwaukee, Wisconsin, this 29th day of December, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiff will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.