UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARCUS PEARSON,<br><br>       Plaintiff,<br><br>v.<br><br>RBP CHEMICAL TECHNOLOGY,<br><br>       Defendant. | Case No. 23-CV-1499-JPS<br><br>**ORDER** |

  In this action, Plaintiff Marcus Pearson ("Plaintiff") proceeds pro se against Defendant RBP Chemical Technology ("Defendant") on claims of race discrimination and retaliation under Title VII of the Civil Rights Act of 1964. ECF Nos. 1 and 6. Now before the Court is Defendant's motion for a protective order. ECF No. 16. Defendant, through counsel, avers that Plaintiff recently left voicemails for and sent text messages to two of Defendant's employees. *Id.* at 1–3. Those employees forwarded the messages to defense counsel and additionally "contacted . . . the West Allis, Wisconsin police department" about them. *Id.* at 3 (also noting Plaintiff's "history of making such communications, including a guilty plea [in a state case] to misdemeanor unlawful use of a phone to threaten harm"). Defendant's counsel, concerned about these communications between Plaintiff and his client, "requested that [Plaintiff] cease direct contact with [Defendant], its employees, owners, or anyone affiliated with [it]." *Id.* Plaintiff apparently declined to commit to honoring such a request. *Id.* at 4 ("[Plaintiff's] response was that there was 'no law that prohibits [him] . . . except for a restraining order.'").

Defendant now "seek[s] an order that . . . all communications with [Defendant] should proceed either in this Court or through undersigned counsel." *Id.* While the Court shares some of Defendant's and its counsel's concerns about the tenor of Plaintiff's messages, it cannot at this juncture grant the requested relief. First and foremost, Defendant has not offered any legal authority whatsoever supporting the assertion that the Court has the ability to grant such relief. To the contrary, Defendant acknowledges that "there is no prohibition from on[e] party in litigation making direct contact with another party to the same litigation." *Id.* (citing *EEOC v. McDonnell Douglas Corp.*, 948 F. Supp. 54, 55 (E.D. Mo. 1996)). It asserts, however, that its motion should be granted as an exception to this general rule in light of Plaintiff's "history" and his response that only a restraining order would stop him. *Id.* The case Defendant cites, however, does not suggest that these are appropriate reasons to grant the requested relief, and Defendant has not cited any other authority in support of its proposition. Accordingly, Defendant's motion will be denied without prejudice. Should Defendant wish to renew its request for a protective order, it may do so, but only if the request is supported with citations to appropriate authority.

To be sure, Plaintiff is on notice that communications of the nature described in Defendant's motion do not exemplify the decorum expected of all parties—represented or not—litigating in this federal forum. Indeed, further communications of this sort could be a basis for Defendant to request dismissal of Plaintiff's case.[1] *See Mohammed v. Anderson*, 833 F. App'x 651, 654 (7th Cir. 2020) (noting that district courts have discretion to dismiss cases as a sanction for litigant misconduct). Plaintiff should keep

---

[1] Defendant expressly disclaims that it is seeking dismissal at this time. ECF No. 16 at 4.

Page 2 of 5
Case 2:23-cv-01499-JPS   Filed 04/15/24   Page 2 of 5   Document 17

this in mind as he decides how to conduct himself in his interactions with Defendant and defense counsel. Moreover, he should think very carefully about whether making communications like these demonstrates to the Court that he takes this litigation seriously.

A second, lesser point is that Defendant has failed to prove that it served its motion on Plaintiff. Defendant's counsel certifies that he "served a copy of the foregoing document by e-filing a true and correct copy thereof using [the] CM/ECF system, and that a copy of the same will therefore be electronically served upon all parties of record registered with the Court's CM/ECF system." ECF No. 16 at 5. However, there is no indication on the docket that Plaintiff is registered with the Court's CM/ECF system (i.e., that filings can effectively be electronically served on him by email), nor is there any indication that Plaintiff has consented to receive Defendant's filings by email. Fed. R. Civ. P. 5(b)(2)(E)–(F). Plaintiff's most recent filings are handwritten, ECF Nos. 5 and 7, which is a good indicator that he does *not* have access to electronic case filing. The Court has noted on the docket that it mailed all recent filings to Plaintiff. ECF Nos. 4, 6, 8, 9. Defendant's failure to ensure that Plaintiff received a copy of the motion,[2] combined with its failure to provide any authority in support of its requested relief, bolsters the Court's conclusion that denial of the motion without prejudice is appropriate at this time.

The Court will order that Defendant serve a copy of Defendant's moving papers as well as its answer, ECF Nos. 15 and 16, on Plaintiff, and file a certificate of service on the docket. Defendant may do so by mail or

---

[2]It also appears that Defendant did not serve its answer on Plaintiff by mail. ECF No. 15 at 6.

other means permitted under Federal Rule of Civil Procedure 5(b) so long as it ensures that Plaintiff actually receives the filings. In the future, Defendant must ensure that service is appropriately completed and that any representations as to service in its submissions to the Court accurately reflect how service was completed.

Finally, the parties have not yet submitted a joint Rule 26 discovery plan as required by the Court's pretrial order. ECF No. 9 at 2. They should meet and confer and submit that plan within **fourteen (14) days** of this Order.

Accordingly,

**IT IS ORDERED** that Defendant RBP Chemical Technology's motion for a protective order, ECF No. 16, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Defendant RBP Chemical Technology **SERVE** on Plaintiff Marcus Pearson its papers in support of its motion for protective order and its answer, ECF Nos. 15 and 16, and **FILE** a certificate of service on the docket; and

**IT IS FURTHER ORDERED** that the parties meet and confer and then submit a joint Rule 26 discovery plan within **fourteen (14) days** of this Order.

Dated at Milwaukee, Wisconsin, this 15th day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiff will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.